IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS KERLINSKY, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 10-4404 |
| | : | |
| MAIN LINE HOSPITALS, INC., | : | |
| d/b/a THE LANKENAU HOSPITAL, | : | |
| Defendant | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                      September 13, 2012

      Louis Kerlinsky filed a *pro se* motion for reconsideration of the Memorandum and Order which granted Lankenau Hospital's motion to dismiss his medical malpractice complaint. On August 8, 2011, the late Honorable Louis H. Pollak issued his decision, finding that Mr. Kerlinsky did not sufficiently allege the elements of corporate negligence against Lankenau Hospital, and striking his breach of contract claim against the hospital as duplicative of his negligence claim. Kerlinsky v. Main Line Hospitals, 2011 U.S. Dist. LEXIS 88785 (E.D. Pa. August 8, 2011). Mr. Kerlinsky filed a motion for reconsideration of Judge's Pollak's decision on September 21, 2011. The defendant responded. For the following reasons, I will deny the motion in its entirety.

## I.  BACKGROUND

      Intermittently throughout 2005, Mr. Kerlinsky visited an outpatient clinic operated by the Veteran's Administration in Springfield, Massachusetts. The clinic prescribed and furnished to him Terazosin HCL, a medication manufactured by Sandoz, to treat high blood pressure and an enlarged prostate gland. See Kerlinsky v. Sandoz, et al., 783 F.

Supp. 2d 236, 238 (D. Mass 2011).  On September 1, 2006, Mr. Kerlinsky was visiting his sister-in-law in the Philadelphia area.  Id. at 239.  At approximately 5:00 p.m., he ingested for the first time one capsule of Terazosin HCL.  Approximately two hours later, Mr. Kerlinsky's heart stopped beating, and he stopped breathing.  He was taken by ambulance to Lankenau Hospital.  Mr. Kerlinsky was discharged from the hospital four days later, with instructions to have a pacemaker surgically implanted upon his return home to Massachusetts.  He incurred over $41,000 in medical bills as a result of this hospital stay.

On September 8, 2006, upon further testing and examination at Baystate Medical Center in Springfield, Massachusetts, Mr. Kerlinsky was informed that he did not require a pacemaker.  Id.  Four years later, Mr. Kerlinsky brought this poorly-drafted complaint against Lankenau Hospital alleging corporate negligence and breach of contract.

## II.  STANDARD OF REVIEW

The standard for obtaining relief under Rule 59(e) is difficult for a party to meet. The Third Circuit Court of Appeals has explained:

> The scope of a motion for reconsideration, we have held, is extremely limited.  Such motions are not to be used as an opportunity to re-litigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [denied the petition for writ of habeas corpus]; or (3) the need to

>           correct a clear error of law or fact or to prevent
>           manifest injustice." Id.

Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

Rule 59(e) of the Federal Rules of Civil Procedure provides that "a motion to alter or amend a judgment *must* be filed no later than 28 days after the entry of the judgment." (Emphasis added). Here, Judge Pollak's Memorandum and Order were entered on August 9, 2011. Thus, a motion for reconsideration should have been filed on or before September 6, 2011. Mr. Kerlinsky's late-filed motion would typically be stricken as untimely. I note, however, that Mr. Kerlinsky signed the motion on August 23, 2011, within the twenty-eight day time limit. It is not apparent why almost thirty days elapsed from the date of the signature to the date of filing. I would generally overlook the possible untimeliness of the motion due to the *pro se* status of the plaintiff. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (when reviewing a *pro se* pleading, a court must use a less stringent standard than if it had been drafted by counsel, and must construe a *pro se* filing liberally). While Mr. Kerlinsky has brought this action *pro se,* he is nonetheless an attorney who has a suspended license to practice law in Massachusetts. Given his legal training, Mr. Kerlinsky does not merit the same leniency that is afforded other *pro se* parties. Accordingly, I will deny the motion for reconsideration as untimely.[1]

An appropriate Order follows.

---

[1] I note, in the alternative, that there was no intervening change in the controlling law, no new evidence presented, or no clear error of law or fact in Judge Pollak's Memorandum. Even if timely, I would have denied the plaintiff's motion for reconsideration.