IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS KERLINSKY,** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 10-4404 |
| | : | |
| **MAIN LINE HOSPITALS, INC.,** | : | |
| d/b/a **THE LANKENAU HOSPITAL,** | : | |
| Defendant | : | |

# O R D E R

**AND NOW,** this 13th day of September, 2012, upon consideration of the plaintiff's *pro se* motion to amend the complaint (Document #34), and the response of the defendant in opposition thereto (Document #35), IT IS HEREBY ORDERED that the motion is DENIED in its entirety.[1]

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

[1] Attorney Louis Kerlinsky filed a *pro se* motion to amend the complaint over three months after his complaint was dismissed by the late Honorable Louis H. Pollak. He did not file an appeal. I have already denied his motion for reconsideration of that dismissal. I will construe this motion as one brought under Rule 60 of the Federal Rules of Civil Procedure which provides a party relief from a judgment or Order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. See FED.R.CIV.P. 60(b). None of these reasons is applicable here. Instead, Mr. Kerlinsky moves to add the following sentence to his dismissed complaint: "The Plaintiff is seeking damages specifically for breach of an implied contract as opposed to personal injury." See Document #34. A court may deny a plaintiff leave to amend his complaint if the amendment would create undue delay, bad faith, dilatory motives, prejudice, or futility. In re Burlington Coat Factory, 114 F.3d 1410, 1434 (3d Cir. 1997). Mr. Kerlinsky's proposed amendment is futile. He seeks to amend in an effort to reinstate the clumsily-worded complaint he filed in this court in 2010, four years after his treatment at the defendant hospital, and to possibly trigger a longer statute of limitations. Judge Pollak's decision remains and it would be futile to make the amendment Mr. Kerlinsky proposes. Accordingly, I will deny the plaintiff's motion to amend the complaint.