IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOUIS KERLINSKY, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 10-4404 |
| | : | |
| MAIN LINE HOSPITALS, INC., | : | |
| d/b/a THE LANKENAU HOSPITAL, | : | |
| Defendant | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                                                          July 22, 2013

On August 8, 2011, the late Honorable Louis H. Pollak dismissed Mr. Kerlinsky's complaint, finding that it did not sufficiently allege the elements of corporate negligence against Defendant Lankenau Hospital, and striking his breach of contract claim against the hospital as duplicative of his negligence claim. Kerlinsky v. Main Line Hospitals, Inc., 10-cv-4404, 2011 U.S. Dist. LEXIS 88785 (E.D. Pa. August 8, 2011). Following the death of Judge Pollak and the subsequent reassignment of the case, I denied Mr. Kerlinsky's motion for reconsideration of Judge Pollak's Memorandum and Order. Kerlinsky v. Main Line Hospitals, Inc., 10-cv-4404, 2012 U.S. Dist. LEXIS 131445 (E.D. Pa. September 13, 2012). Mr. Kerlinsky has filed a second *pro se* motion for reconsideration to which the defendant responded. For the following reasons, I will deny the motion in its entirety.

Granting a motion for reconsideration is appropriate "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the

court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); see also Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995) (because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly).

Mr. Kerlinsky does not identify an intervening change in the controlling law or newly discovered evidence that was not available at the time he filed this motion for reconsideration. The only ground that Mr. Kerlinsky attempts to satisfy is his contention that the court's most recent Memorandum contained a "clear error of law" "because of a perceived (mistakenly) insufficiency in allegations in his complaint." See Document #42 at 4. Mr. Kerlinsky explains that the clear error of law in the Memorandum was "in finding that Plaintiff's claims were legally insufficient because the facts support Plaintiff's assertions that a contract existed between Plaintiff and Lankenau which was allegedly breached." See Document #44. To support his contention, Mr. Kerlinsky offers four arguments, none of which have merit or are sufficient to warrant reconsideration of my earlier decision denying his first motion for reconsideration.

First, Mr. Kerlinsky argues that his complaint was timely because Lankenau was aware of the action filed against it in Massachusetts. This claim is meritless. Judge Pollak did not dismiss the complaint on the grounds of untimeliness, but for failure to state a claim upon which relief could be granted. Whether Lankenau was alerted of this action by the filing of a case in another district is of no import here.

Second, Mr. Kerlinsky argues that Federal Rule of Civil Procedure 59(e) only applies to judgments, not motions, so the Rule is inapplicable to his motion. I assume that Mr. Kerlinsky is referring to my use of the Rule 59(e) standard for motions for reconsideration. See Kerlinsky, 2012 U.S. Dist. LEXIS 131445, *2-3. This claim is also meritless because Mr. Kerlinsky's original motion requested reconsideration of a *judgment*, i.e., Judge Pollak's decision of August 8, 2011. Thus, Rule 59(e)'s standard was proper.

Third, Mr. Kerlinsky argues that he merits leniency as a *pro se* plaintiff because he is eighty-five years old and takes medicine for Alzheimer's Disease. In my Memorandum, I noted that Mr. Kerlinsky's training as an attorney was an impediment to his being afforded the leniency typically given to *pro se* litigants, and thus, the tardiness of his motion would not be excused. See id. at *4. This claim is also meritless, however, because I also found, in the alternative, that I would have denied the motion even if it were timely. See id. at *4-5, n.1.

Finally, Mr. Kerlinsky argues that this court committed a clear error of law in dismissing his complaint because he sufficiently pleaded a claim for breach of contract. This contention is a reiteration of Mr. Kerlinsky's arguments which he has unsuccessfully raised in previous filings. He fails to raise any additional arguments or to cite to any additional case law which would support this position. Further, this argument has no bearing on my finding that his original motion for reconsideration was untimely.

In conclusion, because none of the grounds necessary for a party seeking reconsideration are satisfied, I am constrained to deny his second motion for reconsideration.

An appropriate Order follows.